IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 2 2009

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

JOSE REYES ROMERO, §
§
Applicant, §
§
VS. § NO. 4:08-CV-414-A
§
NATHANIEL QUARTERMAN, §
Director, Texas Department §
of Criminal Justice, §
Correctional Institutions §
Division, §
§
Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Jose Reyes Romero ("Romero") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On April 24, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Davis file objections, if any thereto, by May 15, 2009. Romero timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings,

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Romero challenges a 2007 disciplinary proceeding that resulted in recreation and commissary restrictions for thirty days, a reduction in his class status, and a loss of 20 days of good-time credit. While Romero complains of a variety of problems with his disciplinary hearing, see Applicant's Objections at §§ III.A, III.C., he has not shown that, as an inmate who is not eligible for release on mandatory supervision, there is a liberty interest upon which the disciplinary action infringed. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000). Therefore, these objections are without merit.

Romero also objects to the magistrate judge's conclusion that he has not shown that the disciplinary hearing officer found him guilty out of retaliation. In the context of a habeas action complaining of a prison disciplinary proceeding, retaliation claims are to be approached with skepticism. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). A defendant must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). Romero must

2

either "produce direct evidence of motivation," or "allege a chronology of events from which retaliation may plausibly be inferred." Id. Where a prisoner argues that he was retaliated against for filing a lawsuit, he must show that the retaliatory adverse act was done "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1296 (5th Cir. 1994)). The filing of frivolous lawsuits cannot form the basis of a retaliation claim. Johnson v. Rodriquez, 110 F.3d at 311.

Romero argues that Richard Avants ("Avants"), the hearing officer, retaliated against him because Romero had named Avants as a defendant in an action pursuant to 42 U.S.C. § 1983. Romero has failed to show that he was exercising a constitutional right. While Romero claims that he filed a lawsuit, he has provided the court with nothing to suggest that the lawsuit was not frivolous. See Johnson v. Rodriquez, 110 F.3d at 312 n.16.[2] Therefore, it cannot form the basis of his retaliation claim. See Id.

Further, Romero has failed to show that Avants found him guilty of the proceeding because he was trying to punish Romero for filing a lawsuit or otherwise chill his access to the courts. While it is clear from the audiotape of the hearing that Romero told Avants that he had filed a lawsuit against him, Avants seemed largely unconcerned with the lawsuit and repeatedly stated

---

[2] It is clear from the face of Romero's § 1983 action that his claims against Avants were frivolous, and the action was eventually dismissed as frivolous.

3

that any lawsuit Romero may or may not have filed against him had nothing to do with the issues to be decided in the disciplinary proceeding. Avants specifically questioned the charging officer about whether he personally walked the defendant back to his cell and checked his identification badge, and whether the person who presented the badge could have been anyone besides Romero. Accordingly, Romero has not shown that Avants's guilty finding was the product of retaliatory animus.

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the application of Jose Reyes Romero for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED July 2, 2009.

_____
JOHN McBRYDE
United States District Judge